## HARRISON SMITH *vs.* NATHAN GIBBS.

Tools and implements, materials, stock and fixtures of a paper mill are not included in the exemption of *St.* 1855, *c.* 264, by which § 22 of the Rev. Sts. *c.* 97, is "so amended as to exempt from levy on execution the tools and implements, materials, stock and fixtures of the debtor, necessary for carrying on his trade or business," to the amount of $500.

ACTION OF TORT by an insolvent debtor against his assignee under the insolvent laws, to recover money received by the defendant from the sale of property of the plaintiff. The parties submitted the case to the judgment of the court upon the following facts:

The plaintiff, before his insolvency, was the owner of a tract of land, water privilege and paper mill in Lee, at which he was engaged in the manufacture of paper, and employed some twelve operatives. The machinery and fixtures in said mill, necessary and fit for the making of paper, cost not less than $6000. The plaintiff's personal property consisted of stock and materials, such as rags, size, coloring materials, and bleaching paper, to the value of $500; and of other articles, used in connection with the fixed and heavy machinery of the mill, such as rag tables, mill baskets, rag hooks, a finishing table, shovels, hoes and iron bars, of the value of $50; all of which were sold and converted into money by the defendant.

*R. A. Chapman & N. L. Johnson,* for the plaintiff. The *St.* of 1855, *c.* 264, exempts from levy on execution " the tools and implements, materials, stock and fixtures of the debtor, necessary for carrying on his trade or business." The words " materials, stock and fixtures " were not in the former statutes upon this subject; and naturally apply, if not to merchants, at least to all branches of productive industry, and especially to manufactures. They cannot reasonably be confined to handicraftsmen; for few of them require an exemption to the amount of $500. And the recent policy of the legislature, as shown by the protection extended in the same statute to " the books in

the library of a family, student or professional man," and the exemption of a homestead to the value of $800 by *c.* 238 of the statutes of the same year, is to confer similar privileges upon all classes of debtors. The statute does not require that the amount should be of itself sufficient to carry on the trade or business. The cases under former statutes, relied upon by the defendant, cannot therefore affect this case.

*I. Sumner & M. Wilcox,* for the defendant. The *St.* of 1855, *x.* 264, amends the Rev. Sts. *c.* 97, § 22, cl. 5, only by adding to "tools and implements," the words "materials, stock and fixtures" "of the debtor, necessary for carrying on his trade or business," and increasing the amount exempted from $50 to $500. The statute, as amended, still applies to the same class of debtors only; and its sole object is to secure to handicraftsmen such articles as will enable them to continue their trades, and thereby gain a subsistence. *Dailey* v. *May,* 5 Mass. 313. *Howard* v. *Williams,* 2 Pick. 83. *Danforth* v. *Woodward,* 10 Pick. 428.

MERRICK, J. The 264th chapter of the statutes of 1855 appears to have been designed to vary the provisions of § 22 of the Rev. Sts. *c.* 97, only in respect to the species and value of the property to be exempted from levy on execution. It is not a new statute, embracing and revising the whole subject of the law; but, both in its title and its body, is expressed to be merely amendatory of the provisions of the act to which it refers and is an addition. It nowhere indicates any purpose or intention of the legislature to confer its benefits upon any persons, or classes of persons, who were not already entitled to claim exemption of their tools and implements of trade from the levy of an execution. But "materials, stock and fixtures" are enumerated as additional articles which are thereafterwards to be free from liability to seizure and sale on execution, and five hundred dollars is substituted for fifty as the amount in value to be so exempted. In all other respects, the former statute remains in force and unchanged. The *St.* of 1855, *c.* 264, having by a proper construction of its provisions, this force and effect, the claim of the plaintiff cannot be maintained. Under the seri a

of decisions cited by the counsel for the defendant, we consider it to have been well settled that the provision of the former statutes, concerning the exemption of the tools and implements of a debtor necessary for carrying on his trade or business, is not applicable to persons engaged in and conducting large and extended manufacturing operations, requiring the coöperation of many persons in the various parts of the work to be done, and a heavy outlay of expenditure for the procurement of machinery indispensable to its accomplishment. But such was the position, occupation and employment of the plaintiff, when he made his petition for the benefit of the act for the relief of insolvent debtors; and therefore he was not entitled, either under the original act or the act of amendment, to hold any portion of the property invested in his general business, as a manufacturer of paper, exempt from levy of an execution. If not so exempt, it was properly taken into possession and disposed of by the defendant as his assignee; and, according to the agreement of the parties, there must be

*Judgment for the defendant.*